BRETT, Adm'x, etc., v. QUINTARD, Adm'r, etc.

(*Circuit Court, D. Connecticut.* August 16, 1883.)

PATENTS FOR INVENTIONS—INFRINGEMENT.

The sixth claim of the Henry A. Wells "hat-body patent" *held* to have been infringed by the manner in which defendant's intestate removed the bat from the revolving cone in the manufacture of hats, and a decree for an accounting granted.

In Equity.

*E. N. Dickerson,* for plaintiff.

*John H. Perry* and *Henry T. Blake,* for defendant.

SHIPMAN, J. The question of the infringement by the defendant's intestate of the sixth claim of the Henry A. Wells "hat-body patent" has again been heard upon the evidence introduced by the defendant. It is proved that the manner in which Mr. Brown removed the bat from the revolving cone was the same as that described by Prof. Trowbridge upon the seventh page of the printed testimony. The additional fact appears that 72 bats are plunged in the water each working hour, and consequently that the covering cloths are immersed in very hot water as often as once in each minute. It is to be remembered that in this examination the question of infringement only is at issue; all questions of the validity of the claim or of the novelty of the alleged invention are foreclosed. The defendant has, therefore, introduced the William Ponsford English patent of 1839, and, quoting the decision of the supreme court upon the Wells process patent, (*Burr* v. *Duryee,* 1 Wall. 531,) that the Wells process for removing the bat from the cone was the same as the Ponsford

process, says that the state of the art at the date of the Wells invention was such that the advance in the present Wells reissue over the Ponsford invention was trivial, and simply consisted in the use of a roller of cloth just taken from a kettle of very hot water, in distinction from the use of. a wet and warm cloth cowl, and that Brown neither used a roller nor took his cloths freshly from hot water, and that, therefore, there was no infringement.

The Ponsford process was as follows:

" When the hair has been received on one of those perforated cones or moulds to a sufficient thickness, a cowl of linen or flannel is to be drawn gently over it, and then a hollow perforated cover of copper, or any other suitable metal, is to be dropped over the cowl."

The whole is then immersed in a vat of boiling water.

The last Wells reissue says:

" The attendant takes from a kettle of hot water a piece of felt or other cloth rolled upon a roller, and .applies one end of it to the surface of the bat, still held by the pressure of the surrounding air, and as the cone rotates the felt cloth winds from the roller onto the bat; and as the tip of the cone is semi-spherical, and this cloth cannot be conveniently extended over the tip, another piece of cloth, also taken from hot water, is applied to the tip of the .bat."

The sixth claim is:

" In combination with a pervious cone, provided with an exhausting mechanism, substantially as described, the covering cloth wet with hot water, substantially as and for the purpose specified."

The purpose was twofold—to hold the fibers upon the cone, and to partially felt the bat.

By Ponsford's patent, after the bat had been formed upon the cone, a cowl was drawn over the bat. Of course, as the cowl had recently been plunged in hot water, it was wet and warm. By the Wells patent, a cloth wet with hot water is wound around the bat, after it has been formed, and while the cone is revolving by the revolution of the cone. The distinction between the two methods seems to me to be without a serious patentable difference. In the one case, a cowl or hood is drawn over the bat; in the other, a cloth is wound around the bat by the revolution of the cone. But, as I have before said, the question of validity is not before me.

The sixth claim of the Wells patent covers, in combination with a pervious cone and an exhaust mechanism, a cloth upon a roller taken from a kettle of hot water and wound around the bat as the cone rotates. In combination with a pervious cone and an exhaust mechanism, Mr. Brown wound around the bat, as the cone rotated, an unrolled or unfolded cloth, wet and warm, and taken within a minute from a tub of hot water. If the sixth claim is valid, I think that infringement is proved.

Let there be a decree for an accounting in respect to the use of the sixth claim.